1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

LEONARDO RUIZ MENDEZ,
CDCR # T-48606,

12

Plaintiff,

13

14

15

vs.

16

17

18

L.E. SCRIBNER, et al.,

19

20

Defendants.

21

22

Case No.    07cv2299 DMS (BLM)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 3]; AND**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1).**

23

Plaintiff, a state inmate currently incarcerated at Pleasant Valley State Prison located in

24

Coalinga, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42

25

U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

26

commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

27

pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3].

28

////

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.");  *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

1   ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 3] and

2   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

3   balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

4   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

5   **II.    Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

6          **A.    Standard of Review**

7          The PLRA also obligates the Court to review complaints filed by all persons proceeding

8   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

9   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

10  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

11  practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these

12  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

13  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

14  defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254

15  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

16  to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

17  28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

18  *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.

19  2000) (§ 1915A).

20         Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

22  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

23  324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

24  reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

25  service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,

26  254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

27  604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

28  "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

1   1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

2        "[W]hen determining whether a complaint states a claim, a court must accept as true all

3   allegations of material fact and must construe those facts in the light most favorable to the

4   plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

5   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

6   1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

7   *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

8   important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

9   giving liberal interpretation to a pro se civil rights complaint, however, the court may not

10  "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*

11  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

12       Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

13  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

14  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

15  United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122

16  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

17       **C.    Statute of Limitations**

18       Despite the fact that Plaintiff's Complaint is written entirely in Spanish, the Court finds

19  that the Complaint is subject to sua sponte dismissal because it appears from the face of

20  Plaintiff's pleading that some of his claims are barred by the statute of limitations.  While

21  Congress has provided no federal statute of limitations governing section 1983 claims, the

22  Supreme Court has held that federal courts should use the forum state's single most appropriate

23  statute of limitations applicable to personal injury actions for all section 1983 claims.  *See*

24  *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  Relying on *Wilson*, the Ninth Circuit has found that

25  the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1] is the most

26  ─────────────

27       [1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any
    civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from
28  wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3).  On January 1, 2003, this code section
    was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.

appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

On the first page of Plaintiff's Complaint, he states that the alleged constitutional violations occurred in 2002, 2003 and 2004 at Calipatria State Prison. (Compl. at 1.) Plaintiff filed this action on December 7, 2007, four and five years after Plaintiff alleges Defendants violated his constitutional rights.

Plaintiff does not allege any facts to suggest how or why California's one-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing December 9, 2002 and August 7, 2003, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants, for the actions that occurred in 2002 and 2003, no later than August 7, 2007. However, Plaintiff's Complaint was not filed until December 7, 2007.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,

1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.  Here, however, it does not appear that Plaintiff has plead any facts which, if proved, would support the equitable tolling of his claims.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Accordingly, the Court must dismiss Plaintiff's Complaint to the extent that it raises claims that are now time barred.   However, the Court will permit Plaintiff the opportunity to amend his Complaint to plead facts to support the equitable tolling of his claims.  Moreover, if Plaintiff chooses to file an Amended Complaint, he must comply with Civil Local Rule 5.1 which states, in part, "each document filed, including exhibits where practicable, shall be in English."  S.D. CIVLR 5.1(a).

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)    The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)    The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

(4)    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in

1  itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants

2  not named and all claims not re-alleged in the Amended Complaint will be deemed to have been

3  waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended

4  Complaint fails to state a claim upon which relief may be granted, it may be dismissed without

5  further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

6  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

7        (5)    The Clerk of Court is directed to mail a form § 1983 Complaint to Plaintiff.

8        **IT IS SO ORDERED.**

9

10  DATED:  March 5, 2008

11

12        HON. DANA M. SABRAW
      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28