# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO RUIZ MENDEZ,<br>CDCR #T-48606,<br><br>            Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, Warden;<br>W.J. PRICE, Assoc. Warden;<br>R. PERAZA, Correctional Officer;<br>R. LIZARRAGA, Correctional Officer;<br>J. MUDRA; Correctional Counselor II;<br>CORRECTIONAL OFFICERS,<br><br>            Defendants. | Civil No.   07-2299 DMS (BLM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Pleasant Valley State Prison in Coalinga, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983.

## I.

### PROCEDURAL HISTORY

On March 5, 2008, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), but dismissed his Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* March 5, 2008 Order [Doc. No. 3]. Specifically, the Court found Plaintiff failed to state a claim upon which § 1983 relief could be granted because it appeared upon the

face of his pleading that his claims, arising in 2002 through 2004 while he was incarcerated at Calipatria State Prison ("CAL"), were barred by the statute of limitations, and he had not alleged facts sufficient to show he was entitled to either statutory or equitable tolling. *Id.* at 4-6. In addition, the Court noted that Plaintiff's Complaint failed to comply with S.D. CAL. CIVLR 5.1(a) insofar as it was not written in English. *Id.* at 6.

Because Plaintiff is a prisoner proceeding without counsel, and because it was not clear that Plaintiff could not amend his Complaint to cure these deficiencies, the Court granted him an opportunity to fix them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

On April 11, 2008, Plaintiff submitted the First Amended Complaint ("FAC") [Doc. No. 9], which is now before the Court and subject to review pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

## II.

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court noted in its March 5, 2008 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), it must review his pleading before service, and dismiss the entire action, or any part of his Amended Complaint sua sponte, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez*, 203 F.3d at 1126-27 (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A

mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**A.  Allegations in Plaintiff's First Amended Complaint**

Plaintiff's Amended Complaint, unlike his original pleading, names only three individual Defendants: CAL's Warden L.E. Scribner; CAL's Associate Warden W.J. Price; CAL Correctional Counselor J. Mudra, and other unnamed "Correctional Officers." (FAC at 1-2.) Plaintiff claims these Defendants violated his right to be free from cruel and unusual punishment because they "did not have control" of CAL's "D" yard, and as a result, another inmate named Garcia attempted to murder him there on April 13, 2007. (*Id.* at 2-3.) Plaintiff claims to have suffered multiple cuts to his head, neck and face, and to have required emergency surgery as a result of the attack. (*Id.* at 3.)

**B.  Applicable Law**

As a preliminary matter, the Court notes that Plaintiff's Amended Complaint no longer names Correctional Officers R. Peraza or R. Lizarraga as Defendants; nor does it re-allege any

constitutional violations occurring at any time prior to his attack on April 13, 2007. Because the Court's March 5, 2008 Order specifically advised Plaintiff that his Amended Complaint must be "complete in itself," that it would supersede his original pleading, and that any claims not re-alleged would be considered waived, the Court hereby DISMISSES all claims previously alleged to have arisen before April 13, 2007, and further DISMISSES Defendants Peraza and Lizarraga as parties to this action. (*See* March 5, 2008 Order at 6-7, citing S.D. CAL. CIVLR 15.1; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).)

Second, to the extent Plaintiff's Amended Complaint seeks to hold Defendants Scribner and Price liable simply because they, as CAL's Warden and Associate Warden, had the supervisory responsibility to ensure the security of CAL's D-yard on April 13, 2007, it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); 1915A(b). This is because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Wardens, as supervisory prison officials, may only be held liable for the allegedly unconstitutional violations of subordinate personnel if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Amended Complaint fails to allege any individualized constitutional violation caused by either Warden Scribner or Associate Warden Price.

Finally, the Court finds that even if Plaintiff had alleged individual liability on the part of any named Defendant, his Amended Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) because it fails to state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, Plaintiff alleges only that he was "attacked on Friday April 13, 2007" while he was housed on CAL's 'D' Yard by a fellow inmate named Garcia. (FAC at 3.) Plaintiff claims Garcia "with premeditation" cut him with a weapon multiple times on the neck and left side of his face. (*Id.*) Plaintiff claims to have been sent to the hospital for emergency surgery. (*Id.*)

These allegations are serious, and the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege that individual Defendants were "deliberately indifferent," *i.e.,* that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834; *Solis v. County of Los Angeles*, 514 F.3d 946, 957 (9th Cir. 2008) ("Deliberate indifference occurs when 'the official acted or failed to act despite his knowledge of a substantial risk of serious harm.'") (quoting *Farmer*, 511 U.S. at 841). If a prison official is *not* alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

In this case, Plaintiff must allege that Scribner, Price, Mudra, or any of the other unidentified correctional officers he names as Defendants, were aware of threats posed by inmate Garcia, or of other facts which obviously placed Plaintiff in harm's way, but ignored them. *Farmer*, 511 U.S. at 834; *Solis*, 514 F.3d at 957. However, Plaintiff's Amended Complaint fails to identify any specific serious risk to his safety known or obvious to any named Defendant prior to his attack on April 13, 2007. Without making this type of allegation, Plaintiff cannot show that any Defendant acted with deliberate indifference to his safety. *See Farmer*, 511 U.S. at 837;

*Johnson*, 588 F.2d at 743 (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).

Accordingly, the Court finds that Plaintiff's Amended Complaint must be dismissed sua sponte for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.
### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1)  Defendants R. Peraza and R. Lizarraga are **DISMISSED** as parties to this action; and

2)  Plaintiff's First Amended Complaint [Doc. No. 9] against Defendants Scribner, Price, Mudra and unnamed "Correctional Officers" is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is Filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must comply with S.D. CAL. CIVLR 5.1(a) and be complete in itself without reference to his previous pleadings. *See* S.D. CAL. CIVLR 15.1. Defendants not *individually* named and all claims not re-alleged in the Second Amended Complaint will be considered waived. *See King*, 814 F.2d at 567.[1]

DATED: August 19, 2008

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] Plaintiff is cautioned that if his Second Amended Complaint still fails to state a claim upon which relief may be granted, it will be dismissed without further leave to amend and the dismissal of this action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under 28 U.S.C. § 1915(g) and the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").